By the Court.
The application for leave to file a petition in error in this case, is made under section 514 of the code of civil procedure. The provisions of the code relating to petitions in error do not apply to such cases. These provisions are only applicable to cases of a strictly civil nature; and petitions in error may be filed, except in the Supreme Court, without leave. Neither do cases of this nature come within the provisions of the criminal code. The criminal code relates to offenses against the state and which are to be prosecuted in the name of the state.
Offenses created by the ordinances of cities and villages-are offenses against the municipal corporation.
As the mode of reviewing such cases on error is not prescribed either by the code of civil or criminal procedure, reference must be had to the other statutes on the subject.
By sections 125 and 180 of the municipal code, provision, is made for reviewing such cases by the Court of Common Pleas, on writs of error, which may be allowed by the court or a judge thereof. These provisions do not apply to the-District Court or the Supreme Court.
The authority of the courts last named to review such *39 cases is found in the act relating to the organization of courts of justice, and their powers and duties, as amended March 14,1853 (1 S. & C. 382).
By section 6 of that act all process and remedies authorized by the laws of the state, when the present constitution took effect, are continued in force, and made applicable to the new judicial system, except as otherwise provided.
Under the former system of procedure, the remedy, in cases like the present, would have been by writ of error or certiorari; and since the review by the Court of Common Pleas is required to be by writ of error, we think that form of remedy should be pursued throughout.
The remedy adopted in Thompson v. The City of Mount Vernon, 11 Ohio St. 688, was by writ of error, as was the fact, though not stated in the report, in the case of Burckholter v. The Incorporated Village of McConnellsville, 20 Ohio St. 308.
In applying the provisions of section 6 to the present judicial system, it is to be observed that the District Court and the judges thereof, take the place of the Supreme Court and the judges of that court under the forcner system, and that the judges of the Court of Common Pleas are judges of the District Court. Hollister et al. v. The Judges, etc., 8 Ohio St. 201.
As section 117 of the code of civil procedure as amended (67 Ohio L. 114), does not apply to this class of cases, the application for the writ should be made on a transcript of the complete record. In the present case we have no such transcript; nor is there any transcript of the judgment rendered by the Court of Common Pleas, which was reviewed in the District Court. Stanly v. The State, 23 Ohio St. 581; Farris v. The State, 1 Ohio St. 188.

Leave refused.